### 15737.  HORNE v. THE STATE.

LUKE, J. Horne was convicted upon an accusation charging a violation of the "labor-contract law " (Penal Code, §§ 715, 716). The evidence was not sufficient to show that at the time he entered into the alleged contract he had the intention to cheat and defraud the prosecutor, and with such intent procured an advance of money and other thing of value. It was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 7, 1924.

Accusation of misdemeanor; from city court of Americus—Judge Harper.  May 20, 1924.

The prosecutor, Jesse L. Davis, testified: "The defendant [Jake Horne] made a contract with me about the 15th day of December, 1923,  . .  to do the work of a one-horse farm on my home place in the 15th district of Sumter county. He was to work about 30 acres and I was to furnish the land, mule, plow tools, and one half the fertilizers. Jake Horne was to receive one half of what he

made, except the cottonseed. The contract was to begin January 1, 1924, and terminate when the crop was gathered. I saw the defendant about the first day of January, 1924. He didn't seem to be suffering from any trouble. He was with Mr. Council in the road. They were riding. I advanced the defendant $25 in money on the strength of the contract I made with him, and carried him to Leslie and bought $19 worth of shoes for himself and family, and also let him have 25 gallons of syrup. I have suffered a loss of about $64 by his failure to perform his contract. The money and other things were advanced to the defendant in Sumter county, Georgia. The defendant and Mr. Council came to my home about the first of January. Mr. Council stated to me in the presence of the defendant that he would pay me $25 that Jake had gotten from me. I told him that I would not take that, that Jake owed me more than that. Mr. Council refused to pay any more than the $25. While we were talking the defendant called me off and told me that he wanted to pay me everything he owed me, but that he could only get Mr. Council to pay $25 now. Jake worked for Mr. Council in 1922; I moved him from Mr. Council's place and he made a crop for me in 1923. I never told Jake to leave, but I did say if he would get up my money that it would be all right for him to go. Jake wanted to pay me, but he said he couldn't get but $25. He said he tried to get it up, but that he could only get the $25." No other testimony was introduced for the State.

The defendant, in his statement at the trial, said: "I worked for Mr. Davis in 1923. I was going to work for him in 1924, but I bought an old automobile, paying $30 for it, and Mr. Davis said he didn't want anybody to work for him that had an automobile. I got $25 from him and owed him some money. He told me I could leave if I could get anybody to pay what I owed. I told him I would try my best to get up the money I owed him; so I began looking around, trying to get somebody to advance me enough money to pay Mr. Davis. I went to a number of men, but could not get them to pay the amount I owed Mr. Davis. I finally got Mr. Barlow Council to agree to pay Mr. Davis $25, and he went with me on the first of January to pay Mr. Davis the amount. When we got there Mr. Davis refused to take the $25, so I went to work with Mr. Council. I never intended to beat Mr. Davis out of his money, but tried my best to get it up. I dug stumps for him and

paid him for the shoes and syrup that way, though I owed him the $25 that I got in money and some of last year's crop. Before I left the place Mr. Davis was moving some other family in my house and I had to leave to look for somewhere to go. I thought it would be all right for me to leave if I got his money up. I told him all the time that I didn't intend to beat him out of one cent, and I worked for several days trying to find some one to pay him for me, and finally got Mr. Council to pay the $25." Council testified as to the offer of the $25 to Davis, and his refusal to accept it.

*Wallis & Fort,* for plaintiff in error.